United States District Court
Southern District of Texas
**ENTERED**
November 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| PATOU SAINTHE | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-1957 |
| | § | |
| WARDEN, WEBB COUNTY | § | |
| DETENTION CENTER *et al.* | § | |

**ORDER**

Before the Court is Petitioner's Application to Proceed *in forma pauperis.* (Dkt. No. 3).

Pursuant to 28 U.S.C. § 1915, a claimant wishing to proceed *in forma pauperis* must submit "an affidavit that includes a statement of all assets such [claimant] possesses." 28 U.S.C. § 1915(a)(1). The decision whether to grant an application to proceed *in forma pauperis* falls within the sound discretion of the Court. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); *see* 28 U.S.C. 1915(a)(1). When a court determines whether to grant *in forma pauperis* status, it should not consider the substance of the complaint. *See Eason v. Holt*, 73 F.3d 600, 602 n.10 (5th Cir. 1996). Rather, a court should examine the applicant's financial records and determine whether the applicant would suffer "undue financial hardship" if they were required to pay the filing fee. *Prows*, 842 F.2d at 140.

In his application, Petitioner indicates that he does not have an income as he is currently detained at the Webb County Detention Center[1]. (Dkt. No. 3 at 1). He

[1] Petitioner is detained for civil immigration purposes and is not a prisoner under 28 U.S.C. §1915(h). *See* 28 U.S.C. §1915 (defining "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program"); *Ojo v. INS*, 106 F.3d 689, 682–83 (5th Cir. 1997).

further provides that he has less than $100, whether it be in cash or a checking or savings account. (*Id.*). Additionally, Petitioner claims he receives no income from the following sources:

- Business, profession, or other self-employment;
- Rent payments, interest, or dividends;
- Pension, annuity, or life insurance payments;
- Disability, or worker's compensation payments;

(*Id.* at 1). Petitioner indicates he has a monthly rental expense of about $1000 a month. (*Id.* at 1-2). Petitioner additionally notes his family members pay any debts he owes while he is detained. (*Id.* at 2).

"It is well settled that 'whether the litigant is unable to pay the costs associated with initiating a lawsuit also depends in part on the litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend.'" *Limon v. United States*, No. 5:22-CV-33, 2022 WL 22848400, at *1 (S.D. Tex. May 27, 2022) (quoting *Munoz v. Wenone Inc.*, No. 3:21-CV-1049-L-BN, 2021 WL 4312635, at *1 (N.D. Tex. Aug. 17, 2021) (citation modified); *see also Lansford v. Laredo College*, No. 5:23-CV-00045, 2023 WL 4669685, at *1 (S.D. Tex. June 28, 2023) ("In making the IFP determination, the Court may consider the total monetary resources available to assist Plaintiff.").

As it appears that Petitioner receives financial support from his family, Petitioner is **ORDERED** to file a supplement to his IFP application, (Dkt. No. 3), by **November 20, 2026.** The supplement must address whether the total amount of financial support Petitioner receives from his family members is limited to the

amount indicated for rent. Should Petitioner's family member be his spouse, he must also provide the following:

1. Petitioner's partner's income, <u>**including specific amounts.**</u>

2. Whether Petitioner's partner has received income in the past 12 months from any of the following sources:
    a. Business, profession, or other self-employment;
    b. Rent payments, interest, or dividends;
    c. Pension, annuity, or life insurance payments;
    d. Disability, or worker's compensation payments;
    e. Gifts, or inheritances;
    f. Any other sources.

3. Amount of money that Petitioner's partner has in cash or a in a checking or savings account.

4. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that Petitioner's partner owns.

5. Any of Petitioner's partner's housing, transportation, utilities, or loan payments, or other regular monthly expenses.

6. The amount of monetary support Petitioner's partner contributes to anyone who is dependent on his or her support, along with the relationship to each person.

7. Any of Petitioner's partner's debts or financial obligations.

<u>**Petitioner is advised that failure to comply with this Court's Order may result in the denial of Petitioner's request to proceed *in forma pauperis.***</u>

IT IS SO **ORDERED**.

**SIGNED** on this 10th day of November, 2026.

Christopher A. dos Santos
United States Magistrate Judge